## Doyle Estate

*Fox, Differ, DiGiacomo & Lowe*, for accountant.

TAXIS, P. J., February 7, 1966.—The first and final account of Eleanore B. Doyle, administratrix c. t. a., was examined and audited by the court on January 3, 1966 . . .

The payment of $450 on account of transfer inheritance tax was duly vouched. The balance of said tax that may be found to be due is awarded to the register of wills, and payment thereof will be reflected in the schedule of distribution, which is hereinafter directed to be filed.

A question concerning the source of payment of the transfer inheritance tax has been presented for deci-

sion: whether a surviving spouse is to pay the tax imposed on her elective share, or whether the said tax is to be paid by the residuary estate.

Eleanore B. Doyle, testator's widow, has filed her election to take against the will, and thereupon became entitled to one half of the real and personal estate of testator: Section 8(b), Wills Act of April 24, 1947, P. L. 89. The residuary trust for her benefit does not become operative, and the remainder, to the Jesuit Seminary Guild, a charity, is accelerated.

No tax clause is contained in the will.

Section 718(a) of the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, as amended, 72 PS §2485-718, provides, in parts here pertinent:

"(a) Outright Devises and Bequests. In the absence of a contrary intent appearing in the will, the inheritance tax imposed by this act on the transfer of property which passes by will absolutely and in fee, and which is not part of the residuary estate, shall be paid out of the residuary estate and charged in the same manner as a general administration expense".

Section 718(a) places the burden of payment on the residuary estate for the tax imposed on "Outright Devises and Bequests", and changed existing law under which the tax on such gifts was payable by the devisee or legatee. See Grossman and Smith, Pa. Inheritance and Estate Tax, 1961, at page 406. Preexisting law as to source of payment on all other transfers, other than outright devises and bequests, was continued and codified in subsection 718(c), which provides:

"(c) Other Transfers. In the absence of a contrary intent appearing in the will or other instrument of transfer and except as provided in subsections (a) and (b) of this section, the ultimate liability for inheritance tax imposed by this act shall be upon each transferee".

Section 718(a) by its heading applies to "Outright

Devises and Bequests" and requires that the transfer of property (1) *pass by will* absolutely and in fee, and (2) not constitute a part of the residuary estate. It is obvious that a spouse's elective share is not a ". . . part of the residuary estate . . ." nor is it an outright devise or bequest. Furthermore, in electing to take against the will, the spouse gives up the interest which would *pass to her by the provisions of the will* and receives her elective share pursuant to section 8(b) of the Wills Act. Accordingly, section 718(a) is inapplicable. Section 718(c) applies to all other transfers not covered by either section 718(a) or section 718(b). Section 718(c) places the ultimate liability on the transferee. The surviving spouse, Eleanore B. Doyle, therefore, must pay the tax from the share she receives.

The tax on the pecuniary legacy of $1,000 to Florence Sharpley is payable out of residue: Section 718(a). . . .

And now, February 7, 1966, this adjudication is confirmed nisi.